IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CLEVELAND LEE, SR.,

                                                                                                       OPINION AND ORDER

                Plaintiff,

                                                                                                       10-cv-148-bbc

     v.

JOHN BARRETT, CAROL B.
and BONNIE JORSTAD,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On April 29, 2010, I denied plaintiff Cleveland Lee, Sr., a prisoner at the Prairie du Chien Correctional Institution in Prairie du Chien, Wisconsin, leave to proceed in forma pauperis on a claim that defendants John Barrett, Carol B. and Bonnie Jorstad violated his constitutional right of access to the courts under the Sixth Amendment when they interfered with his ability to file a timely petition for a review of a decision of the Wisconsin Tax Appeals Commission. Dkt. #5. Now before the court is plaintiff's motion to reconsider that decision. Dkt. #7.

In the dismissal order, I explained that inmates have a constitutional right to meaningful access to the courts only to the extent that they are attacking their sentences or

1

challenging the conditions of their confinement. Lewis v. Casey, 518 U.S. 343, 351, 355 (1996). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. In his motion for reconsideration, plaintiff asserts that he was convicted of filing false income tax returns and that the evidence used against him was obtained during a field investigation conducted by the Wisconsin Department of Revenue. Plaintiff further contends that the petition for review at issue in this case challenged the assessment of unreported taxable income for which he later was charged criminally.

    Although both legal actions involved similar evidence of nonpayment of income taxes, they are separate legal actions subject to different appeals. The allegations in plaintiff's proposed complaint related only to the actions of court and tax commission officials in his civil appeal of the tax commission decision and not his later criminal conviction or conditions of confinement. Further, as previously explained, plaintiff has not shown how any conduct by any of the defendants impaired or prejudiced his ability to file an appeal. All he has shown is that his petition did not arrive at the circuit court. Therefore, plaintiff's motion will be denied because he has not shown that this court relied on a manifest error of law or fact in dismissing his complaint.

ORDER

IT IS ORDERED that plaintiff Cleveland Lee, Sr.'s motion for reconsideration, dkt. #7, is DENIED.

Entered this 1st day of July, 2010.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge